IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2127-FL

| | | |
|---|---|---|
| BENNY WAYNE FRANKLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN FCI – II BUTNER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss the petition for lack of jurisdiction (DE 13) pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion was fully briefed, and the issues raised are ripe for decision.

**BACKGROUND**

On May 19, 2008, petitioner pleaded guilty, in the United States District Court for the Middle District of North Carolina, to one count of conspiracy to manufacture methamphetamine, possess pseudoephedrine, and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1). United States v. Benny Wayne Franklin, 1:07-CR-428-WO-1 (M.D.N.C. May 19, 2008) (DE 225). On December 8, 2008, petitioner was sentenced to 360 months' imprisonment, 10 years supervised release, restitution in the amount of $608.83, and a special assessment fee of $100. Id. (Dec. 8, 2008). Petitioner appealed his conviction, but the Fourth Circuit affirmed. Id. (June 2, 2010). Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on August 31, 2011. Id. (Aug. 31, 2011). Petitioner filed a motion for leave to

amend his § 2255 motion on November 12, 2015.[1]  Id. (Nov. 12, 2015).  The court granted petitioner's motion for leave to amend and stayed his § 2255 motion "pending decisions of the Fourth Circuit in United States v. Lee (15-6099), and of the Supreme Court in Beckles v. United States (No. 15-8544)."  Id. (July 5, 2016).  The court continued the stay "pending the decision of the Supreme Court of the United States in Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016)."  Id. (Sept. 14, 2016).  Petitioner admits "Beckles was [] decided on March 6, 2017 (over two years), yet the North Carolina Middle District has not reactivated his case yet."[2]  (DE 17 at 6).

On May 17, 2018, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner alleges his "(1) prior conviction enhancement under 21 U.S.C. § 851 is null and void; and (2) prior convictions do not qualify him as a career offender requiring resentencing without the career offender enhancement."  (Pet. (DE 1) ¶¶ 13).  Petitioner cites Descamps v. United States, 133 S. Ct. 2276 (2013); Mathis v. United States, 136 S. Ct. 2243 (2016); and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  Id.  Petitioner requests his sentence be vacated.  (Pet. (DE 1) ¶ 15).  Respondent filed the instant motion to dismiss the petition for lack of subject matter jurisdiction on March 1, 2019, which was fully briefed.

---

[1]  Petitioner raised the following issues in his § 2255 motion: "(1) sentence/judgment does not match Plea Agreement and admitted charge in violation of the Sixth Amendment; (2) Court provided improper sentencing by relying on erroneous yields and drug amounts; (3) petitioner's plea could not be intelligent and voluntary and petitioner's claim fall outside scope of plea; (4) argued the validity of his sentence enhancements."  (Pet. (DE 1) ¶ 10).

[2]  The Supreme Court decided Beckles on March 6, 2017, holding "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness."  Beckles v. United States, 137 S. Ct. 886, 897 (2017).  However, the docket in petitioner's criminal case indicates the stay pending the decision of Beckles has not been lifted and petitioner's § 2255 motion has not been resolved.  See United States v. Benny Wayne Franklin, 1:07-CR-428-WO-1 (M.D.N.C.).

# DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In response to such a jurisdictional challenge, the nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.  Analysis

Petitioner is attacking the legality, rather than the execution of, his sentence. The legality of petitioner's conviction or sentence must be challenged under 28 U.S.C. § 2255 unless "the

remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019); see In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is "not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a [section] 2255 motion." Vial, 115 F.3d at 1194 n.5. If a section 2241 petition does not fall within the scope of section 2255(e)'s savings clause, the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see Wheeler, 886 F.3d at 425–26.

Petitioner has not established § 2255 is an inadequate or ineffective remedy because his first § 2255 motion is still pending. Petitioner admitted the Middle District of North Carolina never reactivated his criminal case after the Supreme Court decided Beckles. Therefore, petitioner cannot show that the substantive law changed after his "direct appeal and first § 2255 motion" were decided. Furthermore, petitioner admitted some of the claims in this § 2241 petition are similar to the claims in his § 2255 motion.[3] Petitioner could seek to have the stay lifted in his

---

[3] Petitioner stated, "The similar argument in his § 2255 Motion was that in light of Simmons, his prior drug conviction (Possession with Intent to Sell and Deliver Methamphetamine) does not qualify as either a 'felony drug offense' under § 851 or a 'controlled substance offense' under USSG § 4B1.1 because that offense only carried a sentence of 12 months or less imprisonment. Hence, both enhancements require a sentence exceeding 1 year or 12 months." (DE 17 at 6-7).

criminal case and request that his first § 2255 motion be resolved. Petitioner could also seek to amend his first § 2255 motion to add any new claims. Accordingly, petitioner "ha[s] an unobstructed procedural shot at filing a [section] 2255 motion" to challenge his conviction and sentence. Rice, 617 F.3d at 807. Thus, the court dismisses the petition for lack of jurisdiction.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss (DE 13), and DISMISSES the petition without prejudice for lack of jurisdiction. The court DENIES a certificate of appealability.[4] The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge

---

[4] After reviewing the claims presented in the instant § 2241 petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).